UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>SAMUEL AARON LEONARD,<br><br>        Defendant. | CASE NO. CR20-5381 BHS<br><br>ORDER |

This matter is before the Court on Defendant Samuel A. Leonard's seventh motion to continue the trial date, Dkt. 49. On July 18, 2023, the Court heard and denied the motion. The Court enters this written order to further detail the reasons why the motion is denied.

This criminal case is nearly three years old, *see* Dkt. 1, and has already been continued six times, Dkts. 20, 25, 36, 42, 45, 48. The trial was initially set to commence on December 1, 2020. Dkt. 17. Leonard's previous attorney filed the first two motions to continue. *See* Dkts. 18, 23. The Court subsequently granted that attorney's motion to withdraw, Dkt. 28, and, on October 5, 2021, Leonard's current attorney, Brett Purtzer, appeared in this case. Dkt. 30. Leonard's current attorney filed the next four motions to

ORDER - 1

continue, Dkts. 34, 39, 43, 46. The trial is currently set to commence on August 29, 2023. Dkt. 48.

Leonard's seventh motion to continue requests a trial date in March 2024. Dkt. 49 at 3. Mr. Purtzer states that he "was recently in a six-week long first degree aggravated murder case that started on May 1st and ended on June 8th." Dkt. 49 at 2. He reports that, "[s]ince that time, [he] has been preparing for additional matters and is out of the office the month of July." *Id.* Yet he does not explain why he is "out of the office" during this month. *See id.*

Mr. Purtzer explains that he has several upcoming trials: a criminal trial in state court from August 1, 2023, through August 21, 2023; another criminal trail in state court commencing on September 18, 2023, that "has generated national attention and will last approximately two months"; and a civil trial in federal court commencing on November 13, 2023, that "involves over 200 plaintiff who are/were residents of the Special Commitment Center on McNeil Island." *Id.*

Mr. Purtzer asserts that, "[g]iven the preparation needed on this case as well as other cases that pre-dated Mr. Leonard's case, counsel simply does not have enough time in which to prepare and go forward with Mr. Leonard's case on August 29, 2023." *Id.* at 3.

The Government opposes Leonard's seventh motion to continue the trial date. Dkt. 50. It contends that Mr. Purtzer's other scheduled trials do not conflict with the current trial date in this case. *Id.* at 1. It also asserts that Mr. Purtzer's state court trials "involve

out of custody defendants in cases that were filed after Leonard's case."[1] *Id.* The Government argues that, "[b]ecause no true conflict exists, and because this case from 2020 takes precedence over defense counsel's subsequent state court obligations,[2] Leonard's request for a continuance should be denied." *Id.* at 1. The Government finally contends that the alleged victim in this case has "the right to proceedings free from unreasonable dely." *Id.* at 3 (citing 18 U.S.C. § 3771).

"A district court has 'broad discretion' to grant or deny a continuance" and it properly exercises that discretion when its decision is not "'arbitrary or unreasonable.'" *United States v. Kloehn*, 620 F.3d 1122, 1126–27 (9th Cir. 2010) (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)). On review of a district court's decision denying a continuance, the Ninth Circuit considers: (1) "whether the continuance would inconvenience witnesses, the court, counsel, or the parties"; (2) "whether other continuances have been granted"; (3) "whether legitimate reasons exist for the delay"; (4) "whether the delay is the defendant's fault"; and (5) "whether a denial would prejudice the defendant." *United States v. Thompson*, 587 F.3d 1165, 1174 (9th Cir. 2009) (internal quotation marks omitted) (quoting *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986)).

---

[1] The Government provides copies of the docket reports from these two state cases showing that they were filed after this case was filed. See Dkt. 50-1 at 1; Dkt. 50-2 at 1.

[2] Mr. Purtzer has apparently made the decision to seek the continuance of this case rather than the Pierce County Superior Court case *State v. Walls*, No. 21-1-00919-9, *see* Dkt. 50-1 at 3, which is set to begin on August 1st, a decision that might be revisited.

Considering these factors, the Court agrees with the Government that a seventh continuance is not warranted under these circumstances. As an initial matter, another continuance would inconvenience the Court. This case is nearly three years old and a continuance to 2024 is unreasonable. The Court cannot accommodate a shorter continuance to the fall or winter under its current trial schedule, which is booked through the beginning of December. Another continuance would also prejudice the alleged victim in this case. As the Government asserts, the alleged victim has a statutory right to proceedings free from unreasonable delay. *See* 18 U.S.C. § 3771(a)(7).

Regarding the second factor, the Court has already continued this matter six times. This factor weighs against granting another continuance. Concerning the third factor, Mr. Purtzer has not provided any specific reason why he will not be prepared to try this case on August 29, 2023. Although one of his other trials is scheduled to end on August 23, 2023, he has not explained what preparation remains before the trial in this matter commences. He has similarly not explained why he has not been able to prepare for this case since he first appeared in October 2021. Likewise, regarding the fourth factor, Mr. Purtzer has not explained how he was unable to avoid this current situation. This case predates his other cases, and the Court finds no reason why this case must be continued to accommodate these newer cases. Finally, Mr. Purtzer articulates no other specific reason why a denial of the motion to continue would prejudice Leonard.

The Court is mindful of Mr. Purtzer's upcoming trial schedule. However, none of the trial dates in his other cases preclude Mr. Purtzer from attending the trial in this matter. Nevertheless, in an abundance of caution and to avoid any potential prejudice to

Leonard, the Court appointed him additional counsel during the July 18 hearing. Dkt. 55. The Court is confident that, with the assistance of additional counsel, Leonard will be sufficiently prepared to proceed to trial on August 29, 2023.

For these reasons and the reasons stated on the record during the July 18 hearing, Leonard's seventh motion to continue the trial date, Dkt. 49, is **DENIED**.

Dated this 20th day of July, 2023.

BENJAMIN H. SETTLE
United States District Judge